UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re CIT GROUP INC. SECURITIES LITIGATION | : | Master File No. 1:08-cv-06613-BSJ-THK |
| | : | CLASS ACTION |
| This Document Relates To: | : | Referred to Magistrate Judge Katz |
| ALL ACTIONS. | : | DECLARATION OF TOR GRONBORG IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

I, TOR GRONBORG, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California, and am admitted *pro hac vice* to practice in this action. I am a member of the law firm of Robbins Geller Rudman & Dowd LLP, one of the counsel of record for plaintiffs in the above-entitled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. **Weekly Trading Volume**: The reported trading volume from December 12, 2006 to March 5, 2008 (the "Class Period") for CIT Group Inc.'s ("CIT" or the "Company") common stock was 894,934,243 shares, which was more than 4.6 times the 192.2 million average shares outstanding. The average weekly trading volume was 13,789,351 and the average weekly trading volume as a percentage of shares outstanding was 7.2% over the Class Period.[1]

3. **Analyst Coverage**: According to the Institutional Brokers' Estimate System ("I/B/E/S"), analyst coverage on CIT ranged between 13 and 24 analysts during the Class Period, with an average of 18 analyst firms covering the Company. In addition, Nelson's Directory of Investment Research for 2007 identified 11 separate investment banks that provided analyst coverage of CIT. During the Class Period, more than 300 analyst reports regarding CIT were issued by such firms as: Bear, Stearns & Co., Barclays Capital, UBS Equities, JPMorgan Securities, Morgan Stanley & Co., CIBC World Markets, Fox-Pitt, Goldman Sachs, Credit Suisse, HSBC Global Research and Wells Fargo Securities.

---

[1] The weekly volume is calculated as the sum of the daily volume during the week beginning on Monday and ending on Friday. The number of common shares outstanding was obtained from CIT's Securities and Exchange Commission ("SEC") filings. Between SEC reporting dates, the ratio of weekly volume to common shares is calculated by dividing the weekly volume by the outstanding common shares last reported in CIT's SEC filings.

4. **Market Makers/Specialist**: Since CIT's common stock traded on the New York Stock Exchange ("NYSE"), there were no market makers as there are for stocks traded on the Nasdaq or over-the-counter markets. Instead, the NYSE uses specialists to provide liquidity and price stability, which are the functional equivalent of market makers. *See, e.g.*, http://www.investopedia.com/ask/answers/128.asp. Unlike Nasdaq where there can be multiple market makers, firms listed on the NYSE are assigned a single specialist. During the Class Period, CIT was assigned a specialist.

5. During the Class Period, an average of 377 large institutional investors reported holding CIT shares. These institutions held, on average, 44.98% of CIT's outstanding shares.

6. **Form S-3 Eligibility**: At the time of *Cammer v. Bloom*, 711 F. Supp. 1264 (D.N.J. 1989), the filing of a Form S-3 registration statement required firms to file reports under the Securities Exchange Act of 1934 ("Exchange Act") for three years prior to the Form S-3 filing and to have $150 million of stock held by non-affiliates (or $100 million of stock held by non-affiliates coupled with annual trading volume of 3 million shares per year). *See id.* at 1271. The SEC has since modified the requirements for filing a Form S-3. Among the current requirements for filing a Form S-3 registration statement are that a company be organized and operating under the laws of the United States or its territories, has filed reports under the Exchange Act for 12 calendar months, has suffered no default of its obligations and has an aggregate market value of common equity held by non-affiliates of $75 million or more. *See* SEC Form 1379, "Form S-3 Registration Statement Under the Securities Act of 1933, General Instructions," as revised August 2001. The value of CIT's common stock held by non-affiliates during the Class Period ranged between $3.8 billion and $12.2 billion. CIT was organized and operated under Delaware law during the Class Period, satisfying the

organizational requirement. CIT also filed quarterly and annual SEC reports during the Class Period, meeting the filing requirement. Indeed, CIT filed a Form S-3 on October 28, 2004.

7. **Price Reaction to Unexpected New Information**: During the Class Period, the price of CIT's common stock price reacted to Company-related disclosures in a manner demonstrating market efficiency. For example, on January 17, 2007, CIT issued a press release titled "CIT Reports Record Fourth Quarter Results: Increases 2007 EPS Guidance Results Reflect Strong Earnings, Revenue and Origination Growth." *See* ¶¶47-49.[2] In response to the positive press release and subsequent conference call, CIT's stock price increased $1.00 per share or 1.62% on heavy volume of 4.01 million shares. On the same day, the S&P 500 ("SPX") was down 0.09% and the S&P 500 Financials Index ("S5FINL") was down 0.025%. On July 18, 2007, CIT issued a press release titled "CIT Reports Second Quarter Results: Exiting Home Lending Business." *See* ¶¶68-70. In response to the negative disclosures in the press release and subsequent conference call, CIT's stock price declined $6.26 per share or 11.29% on heavy volume of 7.00 million shares. On the same day, the SPX was only down 0.21% and the S5FINL was only down 1.19%. Similarly, on March 6, 2008, when it was disclosed that CIT would have to write-down a significant portion of its private student loan portfolio (*see* ¶¶120-121), the Company's stock price declined another $4.50 per share or 22.10% on heavy volume of 24.38 million shares. On the same day, the SPX was only down 2.20% and the S5FINL was only down 3.65%.

8. Attached hereto as Exhibit 1 is a true and correct copy of Robbins Geller Rudman & Dowd LLP's firm resume.

---

[2] All "¶_" or "¶¶__" references are to the Consolidated Complaint for Violations of the Federal Securities Laws, filed July 16, 2009.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 19th day of November, 2010, at San Diego, California.

s/ TOR GRONBORG

TOR GRONBORG

CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 19, 2010.

s/ TOR GRONBORG

TOR GRONBORG

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:TorG@rgrdlaw.com

# Mailing Information for a Case 1:08-cv-06613-BSJ-THK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randi Dawn Bandman**
  randib@rgrdlaw.com
- **William Edward Bernarduci**
  wbernarduci@izardnobel.com
- **Jeffrey Philip Campisi**
  jcampisi@kaplanfox.com
- **Israel David**
  israel.david@friedfrank.com,nydocketclrk@friedfrank.com
- **Francis A. DiGiacco**
  fdigiacco@rgrdlaw.com
- **Douglas H. Flaum**
  FlaumDo@ffhsj.com,nydocketclrk@ffhsj.com
- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com
- **Robert N. Kaplan**
  rkaplan@kaplanfox.com
- **Jeffrey Alan Klafter**
  jak@klafterolsen.com
- **Jeffrey R. Krinsk**
  fk@classactionlaw.com
- **Jennifer Lai**
  jlai@csgrr.com
- **Henry Rosen**
  henryr@rgrdlaw.com
- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com
- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com
- **Evan J. Smith**

esmith@brodsky-smith.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Robert R. Henssler , Jr**
Robbins Geller Rudman & Dowd LLP ( SFran. )
One Montgomery Street, Suite 1800
San Francisco, CA 94104

**Nancy A. Kulesa**
Schatz & Nobel, P.C.
330 Main Street
Hartford, CT 06106

**Brian O. O'Mara**
Milberg Weiss Bershad
401 B Street
San Diego, CA

**Darren J. Robbins**
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101