UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

In re CIT GROUP INC. SECURITIES     :    Master File No. 1:08-cv-06613-BSJ-THK
LITIGATION     :

    :    <u>CLASS ACTION</u>

———————————————————— :

    :

This Document Relates To:     :    Referred to Magistrate Judge Katz

    :

      ALL ACTIONS.     :    SETTLEMENT AGREEMENT

———————————————————— x

682479_2

This Settlement Agreement, dated as of March 13, 2012 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in Section III hereof) to the above-entitled Litigation: (i) the Lead Plaintiff (on behalf of itself and each of the Settlement Class Members), by and through its counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

Beginning on July 25, 2008, three related actions were filed in the United States District Court for the Southern District of New York as securities fraud class actions on behalf of purchasers and acquirers of CIT Group Inc. ("CIT") common stock and CIT-Z securities. The consolidated actions are referred to herein as the "Litigation."

On May 26, 2009, the Court appointed Pensioenfonds Horeca & Catering as Lead Plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995, and approved its selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

The operative complaint in the Litigation is the Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") filed July 16, 2009. The Complaint alleges violations of §§10(b) and 20(a) of the Exchange Act on behalf of a class of all purchasers and acquirers of CIT common stock between December 12, 2006 and March 5, 2008 and §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of all purchasers and acquirers of CIT-Z securities pursuant or traceable to the October 17, 2007 registration statement and prospectus, and who were damaged thereby.

- 1 -

682479_2

The Complaint alleges violations of the Exchange Act premised on allegedly false and misleading statements and omissions regarding CIT's subprime home lending business as well as CIT's portfolio of private (non-government guaranteed) student loans. The Complaint also alleges violations of the Securities Act premised on allegedly false and misleading statements in the registration statement and prospectus issued in conjunction with the Company's October 2007 CIT-Z preferred offering with regard to CIT's private student lending business.

On September 11, 2009, CIT, as well as the individuals named as Defendants in the Complaint, moved to dismiss the Complaint. After the motion to dismiss was filed, on November 1, 2009, CIT filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On November 16, 2009, Lead Plaintiff filed a Notice of Dismissal dismissing CIT as a defendant from the Litigation. The remaining Defendants filed a reply brief in support of their motion to dismiss on November 24, 2009. In December 2009, CIT emerged from bankruptcy under a Prepackaged Plan of Reorganization.

By Opinion and Order dated June 10, 2010, the Court denied the Defendants' motion to dismiss. Following the Court's ruling on the motion to dismiss, the parties engaged in substantial discovery with respect to the merits of the Litigation, which continued through January 2012 when a settlement in principle was agreed upon. Merits discovery consisted of the production by CIT and the Defendants of nearly three million pages of documents, including the production of e-mails from approximately sixty custodians, as well as the production of vast amounts of native file data equivalent to millions of pages of additional documents. Lead Plaintiff further served subpoenas on nearly fifty third-parties, resulting in the production of hundreds of thousands of additional pages of documents. In addition, Lead Plaintiff conducted twelve depositions of current and former CIT employees.

682479_2

On November 19, 2010, Lead Plaintiff moved to certify a class. The parties subsequently engaged in discovery regarding Lead Plaintiff's motion, during which time the Defendants deposed the Lead Plaintiff as well as two additional named plaintiffs in the Litigation. In addition, each of these three plaintiffs collectively produced thousands of pages of trading records and other documents to the Defendants. On September 15, 2011, Lead Plaintiff submitted an amended motion for class certification. On November 18, 2011, Defendants filed their opposition to Lead Plaintiff's motion for class certification. The parties then engaged in discovery of the Defendants' expert on class certification matters, which included a deposition of the expert by Lead Plaintiff as well as document discovery.

In August 2011, the parties to the Litigation commenced mediation efforts under the auspices of the Honorable Daniel Weinstein (Ret.). On August 17 and 18, 2011, Judge Weinstein conducted a two-day mediation session in California. Although this initial mediation effort was not successful, the parties agreed to continue to attempt to work toward a settlement and to meet again for another mediation session in the future. On January 12, 2012, the parties met in New York for another mediation session with Judge Weinstein. In the weeks following, the parties continued to work toward a settlement. On January 25, 2012, the parties agreed on the amount of the Settlement Fund, and proceeded to negotiate a term sheet broadly setting forth the terms of the Settlement, which was executed on February 2, 2012.

## II.    ASSERTIONS AND DENIALS OF THE SETTLING PARTIES AND THE BENEFITS OF THE SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. Lead Plaintiff recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Lead Plaintiff has also taken into account the

682479_2

uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff is also mindful of the problems of proof, and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiff believes that the Settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class Members, is in the best interests of the Lead Plaintiff and the Settlement Class Members, and is fair, reasonable, and adequate.

Defendants, individually and collectively, have denied and continue to deny each and all of the claims and contentions alleged in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants further deny that the Lead Plaintiff or the Settlement Class have suffered damages, that the prices of CIT common stock and CIT-Z securities were artificially inflated during the Settlement Class Period as the result of any alleged misrepresentations, omissions, non-disclosures or otherwise by Defendants, and that any CIT investors were harmed by the conduct alleged in the Complaint.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also considered the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff, acting on behalf of itself and all Settlement Class Members, and Defendants, by and

682479_2

through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation, the Released Claims, and all matters encompassed within the scope of the releases set forth or referenced in this Stipulation shall be finally, fully, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed, and the Litigation shall be dismissed on the merits and with prejudice as to all Settling Parties and CIT, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.    Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "CIT" means CIT Group Inc.

1.3    "CIT-Z securities" means the CIT-PrZ preferred equity units issued by CIT pursuant to a registration statement and prospectus dated October 17, 2007.

1.4    "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.5    "Claims Administrator" means Gilardi & Co. LLC.

1.6    "Complaint" means the Consolidated Complaint for Violations of the Federal Securities Laws, filed in the Litigation on July 16, 2009.

1.7    "Court" means the United States District Court for the Southern District of New York.

1.8    "Defendants" means Jeffrey M. Peek, Joseph M. Leone, Thomas B. Hallman, William J. Taylor, Gary C. Butler, William M. Freeman, Susan Lyne, Marianne Miller Parrs, Timothy M. Ring, John Ryan, Seymour Sternberg, Peter J. Tobin, and Lois M. Van Deusen.

- 5 -

1.9    "Effective Date" means the first date by which each of the conditions specified in ¶8.1 of the Stipulation have occurred or have been waived.

1.10    "Escrow Account" means the interest-bearing account controlled by the Escrow Agent into which Defendants or CIT shall deposit or cause their insurance carriers to deposit the sum of $75,000,000 on behalf of Defendants.

1.11    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP, or its successors.

1.12    "Fee and Expense Application" shall have the meaning set forth in ¶7.1 of this Stipulation.

1.13    "Fee and Expense Award" shall have the meaning set forth in ¶6.2(c) of this Stipulation.

1.14    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirtieth (30th) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirtieth (30th) day; and (iii) if a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary

- 6 -

dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ or request for judicial review that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or the Plan of Allocation of the Settlement Fund.

1.15    "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, and whether the Court should enter a Judgment approving the proposed Settlement.

1.16    "Judgment" means the judgment to be rendered by the Court, in the form attached hereto as Exhibit B, or such other substantially similar form mutually agreed to by the Settling Parties.

1.17    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

1.18    "Lead Plaintiff" means Pensioenfonds Horeca & Catering ("PH&C").

1.19    "Litigation" shall have the meaning set forth in Section I of this Stipulation.

1.20    "Net Settlement Fund" shall have the meaning set forth in ¶6.2 of this Stipulation.

1.21    "Notice" shall have the meaning set forth in ¶4.1 of this Stipulation.

1.22    "Notice and Administration Fund" means the fund from which the reasonable costs, fees, and expenses that are actually incurred by the Claims Administrator and Lead Counsel in connection with providing notice to the Settlement Class pursuant to ¶2.7 of this Stipulation are paid.

1.23    "Notice Order" means the preliminary approval order as entered by the Court for mailing and publication of notice.

682479_2

1.24    "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.25    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and Defendants, CIT, and their Related Parties shall have no responsibility therefore or liability with respect thereto.

1.26    "Proof of Claim" shall have the meaning set forth in ¶5.2 of this Stipulation.

1.27    "Related Parties" means each of a Defendant's or CIT's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which CIT or a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant or CIT is the settlor or which is for the benefit of CIT or a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or have a controlling interest (directly or indirectly).

1.28    "Released Claims" shall collectively mean any and all claims (including Unknown Claims as defined in ¶1.41 hereof), rights, demands, liabilities or causes of action of every nature

- 8 -

and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), to the fullest extent that the law permits their release in this action, by or on behalf of Lead Plaintiff, Road Carriers Local 707 Pension Fund, Donato Pizzuti or any other Settlement Class Members against any of the Released Parties that have been alleged or could have been alleged in this action (or in any forum or proceeding or otherwise), whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether known claims or Unknown Claims, whether class, representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, that are based on, relate to, or arise out of (i) the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that have been or could have been alleged or asserted in this action (or in any forum or proceeding or otherwise), and (ii) Lead Plaintiff's, Road Carriers Local 707 Pension Fund's, Donato Pizzuti's or any other Settlement Class Member's purchase, acquisition, holding, or sale or other disposition of (x) CIT common stock during the Settlement Class Period or (y) CIT-Z securities issued pursuant or traceable to the October 17, 2007 registration statement and prospectus. Released Claims do not release or otherwise impact any claims to enforce the terms of the Stipulation.

1.29    "Released Parties" means each and all of the Defendants, CIT, and each and all of their respective Related Parties.

1.30    "Settlement" means the settlement contemplated by this Stipulation.

1.31    "Settlement Class," "Settlement Class Members," or "Members of the Settlement Class" mean all Persons who purchased or acquired the publicly-traded common stock of CIT from December 12, 2006 through and including March 5, 2008, and all Persons who purchased or

682479_2

acquired CIT-Z securities pursuant or traceable to the October 17, 2007 registration statement and prospectus, and who were allegedly damaged thereby. Excluded from the Settlement Class are Defendants, members of each Defendant's immediate family, any entity in which any Defendant has or had a controlling interest, directors of CIT, and Defendants' legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

1.32    "Settlement Amount" shall have the meaning set forth in ¶2.1 of this Stipulation.

1.33    "Settlement Class Period" means the period between December 12, 2006 and March 5, 2008, inclusive.

1.34    "Settlement Fund" means the principal amount of Seventy-Five Million U.S. Dollars ($75,000,000), plus any accrued interest earned thereon.

1.35    "Settling Parties" means, collectively, the Lead Plaintiff, on behalf of itself and the Settlement Class Members, and the Defendants.

1.36    "Stipulation" means this Settlement Agreement, including the recitals and Exhibits hereto.

1.37    "Summary Notice" shall have the meaning set forth in ¶4.1 of this Stipulation.

1.38    "Supplemental Agreement" shall have the meaning set forth in ¶8.3 hereof.

1.39    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund.

1.40    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without

682479_2

limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.8 hereof.

1.41    "Unknown Claims" means collectively any Released Claims that the Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Settlement Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and the Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to,

- 11 -

conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and the Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

### 2.    The Settlement

#### a.    The Settlement Fund

2.1    In consideration of the terms of this Stipulation, Defendants or CIT shall pay or cause their insurers to pay the sum of $75,000,000 (the "Settlement Amount") into the Escrow Account no later than twenty (20) calendar days after entry of the Court's order preliminarily approving the Settlement. If the agreed upon sum is not timely transferred to the Escrow Account, after giving Defendants and CIT ten (10) calendar days to cure any such nonpayment, the Settlement may be voided at the option of the Lead Plaintiff. In the event that complete payment instructions have not been received by Defendants on or before the date the preliminary approval is granted, then the 20 calendar days shall run from the date on which Defendants receive such payment instructions.

2.2    Subject to ¶¶2.9 and 6.1 below, the payment described in ¶2.1 is the only payment to be made by or on behalf of Defendants in connection with this Settlement.

#### b.    The Escrow Agent

2.3    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount.

- 12 -

2.4     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of Lead Counsel and Defendants' counsel.

2.5     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.6     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.7     Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Settlement Fund the costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, administering and distributing the Settlement Fund to Authorized Claimants and processing Proofs of Claim. In the event that the Settlement does not become Final, any money paid or incurred for the above purposes, including any related fees, shall not be returned or repaid to Defendants or their insurers. Subject to ¶¶2.9 and 6.1 below, Defendants are not responsible for, and shall not be liable for, any costs incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, administering and distributing the Settlement Fund, or processing Proof of Claim forms.

    c.    **Taxes**

2.8     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treas. Reg. §1.468B-

- 13 -

1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c)    All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants, CIT, or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) Tax Expenses shall be paid out of the Settlement Fund; in no event shall Defendants, CIT, or their Related Parties have any responsibility for, or liability whatsoever with respect to, the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay

- 14 -

such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants, CIT, nor their Related Parties are responsible therefor nor shall they have any liability with respect thereto. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(d)      Except as required by ¶2.1 concerning payment of the Settlement Amount and subject to ¶¶2.9 and 6.1 below, neither Defendants, CIT, nor their Related Parties are responsible for Taxes, Tax Expenses, costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, or paying escrow fees and costs, nor shall they be liable for any claims with respect thereto.

### d.      Termination of the Settlement

2.9      In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Amount, including accrued interest, less the expenses and Taxes described in ¶¶2.7 and 2.8 hereof actually incurred or due and owing, shall be refunded to such Persons that paid the Settlement Amount pursuant to written instructions from Defendants' counsel.

### 3.      Certification of the Settlement Class

3.1      Solely for purposes of this Settlement, and subject to approval by the Court, the Settling Parties agree that the Settlement Class shall be certified and Lead Plaintiff and Lead Counsel shall be appointed as representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23. Should the Settlement Class not be certified, or should any court attempt to amend the

- 15 -

scope of the Settlement Class, each of the Settling Parties reserves the right to void this Stipulation in accordance with ¶8.5 hereof.

### 4. Notice Order and Final Approval Hearing

4.1    No later than March 13, 2012, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Notice Order, in the form of Exhibit A attached hereto, or such other substantially similar form mutually agreed to by the Settling Parties, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for mailing a settlement notice ("Notice"), in the form of Exhibit A-1 attached hereto, or such other substantially similar form agreed to by Lead Counsel and Defendants' counsel, and publication of a summary notice ("Summary Notice"), in the form of Exhibit A-3 attached hereto, or such other substantially similar form agreed to by Lead Counsel and Defendants' counsel.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶7.1 below, and the date of the Final Approval Hearing.

4.2    The Settling Parties shall request that after notice is given, the Court hold a Final Approval Hearing and approve the Settlement of the Litigation as set forth herein.  Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 5. Releases

5.1    Upon the Effective Date, without any further action by anyone, the Lead Plaintiff, Road Carriers Local 707 Pension Fund, Donato Pizzuti, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims against the Released Parties, whether or not such

- 16 -

682479_2

Settlement Class Member executes and delivers a Proof of Claim and Release form.  It is an important element of the Defendants' participation in the Settlement, which Lead Plaintiff hereby acknowledges, that the Released Parties obtain the fullest possible legally enforceable release from further liability to any Settlement Class Member relating to the Released Claims, and it is the intention of the Settling Parties that all further liability of the Defendants, CIT and each of their Related Parties relating to the Released Claims hereby be eliminated.  The releases and waivers contained in this section were separately bargained for and are essential elements of this Stipulation and the Settlement.

5.2    The Proof of Claim and Release form ("Proof of Claim") to be executed by Settlement Class Members shall release all Released Claims against the Released Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto, or such other substantially similar form mutually agreed to by Lead Counsel and Defendants' counsel.

5.3    Upon the Effective Date, the Lead Plaintiff and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, and each of them.

5.4    Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, Settlement Class Members, and their counsel, employees, successors and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of (i) the Litigation or (ii) the Released Claims.

- 17 -

5.5     Nothing in this Stipulation shall operate to preclude the Defendants or CIT from asserting any claims against their own insurers.

6.      **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members. The Claims Administrator will be subject to such supervision and direction from the Court and/or Lead Counsel as may be necessary or as circumstances may require. Defendants shall provide or cause to be provided to the Claims Administrator, without any charge to Lead Plaintiff or the Settlement Class, CIT's shareholder lists in electronic and searchable form within seven (7) calendar days of execution of this Stipulation, as appropriate for providing notice to the Settlement Class.

6.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the fees and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proofs of Claim, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.8 hereof;

(c)     to pay plaintiffs' attorneys' fees and expenses if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)     after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may

- 18 -

be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.4    Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, in the form of Exhibit A-2 attached hereto, or such other substantially similar form mutually agreed to by Lead Counsel and Defendants' counsel, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to the Authorized Claimant.

6.5    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims so long as distribution of the Net Settlement Fund is not materially delayed thereby.

6.6    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate, non-profit organization selected by Lead Counsel.

- 19 -

6.7    This Settlement is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or their insurers. Defendants, and CIT and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

6.8    No Person shall have any claim against the Lead Plaintiff, Lead Counsel, CIT, Defendants, their Related Parties, the Claims Administrator or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court. This does not include any claim by any party for breach of this Stipulation.

6.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein (including the releases contained herein), or any other orders entered pursuant to this Stipulation.

**7.    Plaintiffs' Attorneys' Fees and Expenses**

7.1    Counsel for plaintiffs may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of

- 20 -

682479_2

attorneys' fees; plus (b) payment of expenses, including plaintiffs' expenses paid pursuant to 15 U.S.C. §78u-4(a)(4), and the fees of any experts or consultants, incurred in connection with prosecuting the Litigation; plus (c) any interest on such fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

      7.2     The Fee and Expense Award, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. Lead Counsel may thereafter allocate the attorneys' fees and expenses among counsel for plaintiffs in a manner in which it in good faith believes reflects the contributions of such counsel to the institution, prosecution, and resolution of the Litigation. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified by final non-appealable order, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall be obligated, within ten (10) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, to refund to the Settlement Fund the fees and expenses previously paid to Lead Counsel from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal or modification. Lead Counsel, as a condition of receiving the Fee and Expense Award, agrees that the law firm and its partners are subject to the jurisdiction of the Court for the purpose of enforcing this provision, and are each jointly and severally liable responsible for any required repayment. Without limitation, Lead Counsel and its partners agree that the Court may, upon application of the Defendants and notice to Lead Counsel, summarily issue orders including, but not limited to,

682479_2

judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should Lead Counsel fail to timely repay fees and expenses pursuant to this provision.

7.3    The procedure for and the allowance or disallowance by the Court of any applications by counsel for the plaintiffs for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth herein (including the releases contained herein).

7.4    Defendants, CIT, and their Related Parties shall have no responsibility for or liability with respect to the payment of any Fee and Expense Award to any counsel for plaintiffs, or with respect to the allocation among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, and Defendants and their Related Parties shall take no position with respect to Lead Counsel's Fee and Expense Application.

8.    **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

8.1    The Effective Date of this Stipulation shall be conditioned, and shall be deemed to have occurred, upon the occurrence or waiver of all of the following events:

(a)    the Settlement Amount has been deposited by Defendants, CIT, or their insurers into the Escrow Account maintained by the Escrow Agent, as required by ¶2.1 hereof;

(b)    the Court has entered the Notice Order, as required by ¶4.1 hereof;

- 22 -

(c)    Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(d)    the Court has entered the Judgment, in the form of Exhibit B attached hereto, or such other substantially similar form mutually agreed to by the Settling Parties; and

(e)    the Judgment has become Final, as defined in ¶1.14 hereof.

8.2    Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.5 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

8.3    Defendants shall have the option to terminate the Settlement in the event that Persons who purchased more than a certain number of shares of CIT common stock during the Settlement Class Period and CIT-Z securities traceable to the October 17, 2007 registration statement and prospectus choose to exclude themselves from the Settlement Class ("Opt-Out Threshold"), as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Counsel and Defendants' counsel, which is incorporated by reference into this Stipulation. The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential.

8.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, then within ten (10) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses and costs reasonably and

- 23 -

actually incurred pursuant to ¶2.7 and paid from the Notice and Administration Fund and Taxes and Tax Expenses that have been paid pursuant to ¶2.8 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from counsel for Defendants. At the request of Defendants' counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written direction from Defendants' counsel.

8.5    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of January 26, 2012. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.7-2.9, 8.3-8.4, 8.6, 9.4 and 9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall constitute grounds for cancellation or termination of the Stipulation.

8.6    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed for notice costs and Taxes and Tax Expenses pursuant to ¶¶2.7-2.8 hereof. In addition, any expenses already incurred and properly chargeable pursuant to ¶2.7 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.9 and 8.4 hereof.

- 24 -

682479_2

8.7     If a case is commenced in respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at Lead Plaintiff's option, as to such Defendant, the releases given and Judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Released Parties and the Lead Plaintiff shall not make any accusations of wrongful or actionable conduct by either party concerning the Released Parties' conduct during the Settlement Class Period or concerning the Released Parties' or Lead Plaintiff's prosecution, defense, or resolution of this Litigation, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged. The Settling Parties agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the Judgment will contain

682479_2

a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

9.3    Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or CIT; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant or CIT in any civil, criminal or administrative proceeding in any court, administrative agency, proceeding or other forum or tribunal. Defendants, CIT, and their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

9.4    CIT and its Related Parties are intended third-party beneficiaries of this Stipulation, and this Stipulation may be enforced by such Persons.

9.5    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation, pursuant to their terms.

9.6    All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations

- 26 -

between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9     The Stipulation and the exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any Settling Party concerning the Stipulation or its exhibits or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Settling Party shall bear its own costs.

9.10    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which it deems appropriate.

9.11    Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so.

9.12    The Stipulation may be executed in one or more counterparts, including by signature transmitted by email in pdf format. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

9.13    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

- 27 -

682479_2

9.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.15    The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of March 13, 2012.

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOY ANN BULL
HENRY ROSEN
TOR GRONBORG
BRIAN O. O'MARA

_____
JOY ANN BULL

- 28 -

682479_2

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
joyb@rgrdlaw.com
henryr@rgrdlaw.com
torg@rgrdlaw.com
bomara@rgrdlaw.com

Lead Counsel for Plaintiffs

FRIED, FRANK, HARRIS,
   SHRIVER & JACOBSON LLP
DOUGLAS H. FLAUM
ISRAEL DAVID
ADAM M. HARRIS
NICOLE M. LUNN

_____
                DOUGLAS H. FLAUM

One New York Plaza
New York, NY 10004
Telephone: 212/859-8000
212/859-4000 (fax)
douglas.flaum@friedfrank.com
israel.david@friedfrank.com
adam.harris@friedfrank.com
nicole.lunn@friedfrank.com

Attorneys for Defendants

- 29 -

CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 13, 2012.

s/ Joy Ann Bull
JOY ANN BULL

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:joyb@rgrdlaw.com

# Mailing Information for a Case 1:08-cv-06613-BSJ-THK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew I. Alpert**
  malpert@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Randi Dawn Bandman**
  randib@rgrdlaw.com

- **William Edward Bernarduci**
  wbernarduci@izardnobel.com

- **Joy Ann Bull**
  joyb@rgrdlaw.com

- **Jeffrey Philip Campisi**
  jcampisi@kaplanfox.com

- **Israel David**
  israel.david@friedfrank.com,nydocketclrk@friedfrank.com

- **Francis A. DiGiacco**
  fdigiacco@rgrdlaw.com

- **Douglas H. Flaum**
  FlaumDo@ffhsj.com,nydocketclrk@ffhsj.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Adam Michael Harris**
  adam.harris@friedfrank.com

- **Robert R. Henssler , Jr**
  bhenssler@rgrdlaw.com,karenc@rgrdlaw.com

- **Robert N. Kaplan**
  rkaplan@kaplanfox.com

- **Jeffrey Alan Klafter**
  jak@klafterolsen.com

- **Jeffrey R. Krinsk**
  fk@classactionlaw.com,anv@classactionlaw.com

- **Nancy A. Kulesa**

Case 1:08-cv-06613-BSJ-DCF     Document 162     Filed 03/13/12     Page 33 of 33

nkulesa@izardnobel.com

- **Jennifer Lai**
  jlai@csgrr.com

- **Brian O. O'Mara**
  bomara@rgrdlaw.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **Henry Rosen**
  henryr@rgrdlaw.com,dianah@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)